UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-160-H

PATRICIA A. RAGLAND McGEHEE, et al.                                         PLAINTIFFS

V.

U.S. ARMY CORPS OF ENGINEERS, et al.                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a second motion for a restraining order and preliminary injunction, based on different grounds, seeking a delay in the Kentucky Transportation Cabinet's (the "Cabinet") completion of the Ring Road Extension Project (the "Project"). This motion is based upon the entirely new argument that the Cabinet failed to provide the notices required under the Uniform Relocation Assistance and Real Property Acquisition Act (the "Uniform Act"). 42 U.S.C. §4601 *et seq.* Defendants have again opposed the motion. For the reasons stated below, the Court will deny the motion.

I.

The Court has discussed the facts in its earlier opinion, but will amplify upon them for purposes of this new motion.

In August 2006, the Cabinet began condemnation proceedings against Plaintiffs' property in Hardin Circuit Court. In May, 2008, that court entered an order of condemnation. On June 4, 2008, the Kentucky Court of Appeals affirmed that order; and on October 13, 2010, the Kentucky Supreme Court denied Plaintiffs' request for further discretionary review. After conclusion of the state proceedings, on November 16, 2010, the Cabinet issued a ninety day

notice of eviction letter. On January 11, 2011, the Cabinet issued a thirty day notice letter. On March 6, 2011, the Hardin Circuit Court issued an order of eviction.

During this time, the Cabinet prepared to complete the Project. In late 2010, it applied for an additional NWP No. 14 to complete the Project. A National Historic Preservation Act Section 106 Process was initiated. In early March of 2011, the Cabinet redesigned the final two stream crossings of the Project to no longer impact the waters of the United States. Because the Cabinet no longer required a Corps of Engineers permit, it terminated the Section 106 process.[1]

In this motion, Plaintiffs argue that the Cabinet must complete the Section 106 Process before it may lawfully issue a ninety day or thirty day notice.[2] Because the Cabinet failed to wait, Plaintiffs insist that they have been denied notice which the Uniform Act requires.

II.

To obtain a preliminary injunction, "Plaintiffs must show that: (1) they have 'a strong likelihood of success on the merits'; (2) they would 'suffer irreparable injury' if the injunction is not issued; (3) the injunction would not cause 'substantial harm to others'; and (4) 'the public interest would be served by issuance of the injunction.'" *Albarado v. Ky. Racing Comm'n,* 496 F.Supp.2d 795, 803 (W.D. Ky. 2004) (quoting *ACLU of Ky. v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003)). The parties' arguments focus on the first element.

---

[1] Court has addressed the substance of this decision in its recent Memorandum Opinion denying Plaintiffs' motion to alter or amend.

[2] Plaintiffs also argue that Defendants did not comply with the Uniform Act because compliance with the National Environmental Policy Act ("NEPA") via "a record of the environmental impact of the project" should be completed before the notice letters were issued. Pls. Mem. Supp. Second Mot. TRO and Prelim. Inj. 5. The Court will focus on the arguments related to the Section 106 Process.

2

III.

The Project is a state-funded project.[3]  However, the Kentucky legislature appears to have required compliance with the Uniform Act for state road projects.  KRS 56.620(1).  The Kentucky Finance and Administration Cabinet has promulgated regulations which require compliance with the relevant parts of the federal regulations implementing the Uniform Act.  200 KAR 6:021 (stating "[t]he Finance and Administration Cabinet . . . shall administer the relocation assistance programs for all executive agencies of state government in accordance with the federal regulations relating to uniform relocation assistance that are set forth in 49 C.F.R. Part 24, Subparts A, B, C, D, E, F and G . . .").  The Fifth Circuit has held, in a case disputing relocation benefits under the Uniform Act, that the Uniform Act can be applicable to parties through state laws.  *Dept. of Transportation and Development of Louisiana v. Beaird-Poulan, Inc.,* 449 U.S. 971 (1980).  Thus, it appears that the Finance and Administration Cabinet's regulations do apply here.[4]

The Court agrees that the Cabinet must comply with the Uniform Act and other applicable federal law.  49 C.F.R. §24.8.  However, no party has pointed to a statute or regulation that requires compliance with all other applicable federal regulations prior to issuing the Uniform Act notice letters.  The Court cannot find that the Uniform Act itself requires this.  In fact, the statutory notice provision that the Court has located merely says "to the greatest extent practicable, no person lawfully occupying real property shall be required to move from a

---

[3] Though Plaintiffs claim some federal funds were used for relocation benefits, Defendants stand by their assertion that all monies involved were from the state.  The Court has seen no evidence of the use of federal funds that would make the Uniform Act directly applicable to these circumstances.

[4] It should be noted that Plaintiffs are asserting requirements of a state regulation which has incorporated federal requirements.

dwelling . . . without at least ninety days written notice. . ." 42 U.S.C. §4651(5).[5] This provision does not require completion of a 106 Process or any other procedure prior to issuance of either the ninety or thirty day notices.

The notice provisions of the Uniform Act serve an entirely separate purpose from the other legal requirements for actual condemnation and eviction. Here, the Cabinet sent the required notices at a logical time, after all the state court condemnation proceedings were completed. The serving of the notices and the passage of time does not mean that a person must leave his property or that a government agency is entitled to evict him. The notices are a warning and an opportunity to prepare a move. Plaintiffs have certainly received this benefit. The Court sees no logical reason that the notice requirement of the Uniform Act could not occur concurrent with other separate and distinct federal or state obligations. Therefore, the Court is reluctant to issue an injunction based upon a requirement which cannot be found in the statute or regulations.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for preliminary injunction is DENIED.

---

[5]The regulations similarly state that an individual cannot "be required to move unless he or she has received at least 90 days advance written notice of the earliest date by which he or she may be required to move." 49 C.F.R. . §24.203(c)(1). This same regulation provides for the thirty day notice provision: "The 90-day notice shall either state a specific date as the earliest date by which the occupant may be required to move, or state that the occupant will receive a further notice indicating, at least 30 days in advance, the specific date by which he or she must move . . ." 49 C.F.R. §24.203(c)(3).

cc: Counsel of Record